IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID TORRES,           )
    Petitioner,      )   Civil Action No. 17-243 Erie
                        )
v.                      )   Judge Susan Paradise Baxter
                        )
FCI MCKEAN, WARDEN,     )
    Respondent.      )

**MEMORANDUM**

Pending before the Court[1] is a petition for a writ of habeas corpus filed by federal prisoner David Torres (the "Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 4). He is challenging a disciplinary action taken against him in which he lost good time credits. As relief, he seeks an order from this Court directing that his incident report be expunged so that he may be restored the good time credit he lost as a sanction. For the reasons set forth below, the petition be denied.

**A.**     **Relevant Background**

On October 5, 2015, the date of the incident at issue in this case, the Petitioner was incarcerated at FCI Fort Dix, which is located in New Jersey. On that date, Unit Officer James Bender ("Bender") reported that:

> [w]hile conducting rounds on the third floor, I discovered [the Petitioner] on a cell phone in bathroom 314. As he saw me he rushed the door and attempted to push past me. At this time I activated my body alarm. As he pushed me into the hall I was able to take [the Petitioner] to the floor. While on the floor we continued to struggle for possession of the cellphone. While on the floor [the Petitioner] struck me in the face with open hands. The [Petitioner] was able to call for help and throw the phone down the hall to another inmate.

---

[1]     On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 18, 2018. (ECF No. 12).

1

(ECF No. 7-5 at 5). When he was questioned about the incident early the next morning, the Petitioner denied hitting Bender and stated that he was smoking in the bathroom, not talking on a cell phone. (Id. at 13). The inmate to whom the Petitioner had tossed the cell phone was not identified and the cell phone was not recovered during a search of the Unit. (Id. at 17-18).

Following the incident, the Petitioner was charged with violating the following Bureau of Prison ("BOP") Codes: **108**-possession of a hazardous tool (the cell phone); **115**-destroying and/or disposing of any item during a search; **224**-assault;[2] and **307**-refusing to obey an order of a staff member. (Id. at 5). BOP staff investigated the matter[3] and on November 5, 2015, the Petitioner appeared before a Unit Disciplinary Committee ("UDC") and stated: "I never put my hands on [Bender], he took me to the ground for no reason[.]" (Id. at 7). He asserted that Bender mistook his "mp3 player for a cell phone." (Id.)

The UDC referred the charges to a Disciplinary Hearing Officer ("DHO") for further consideration and his hearing was held on November 12, 2015. (Id. at 2). The Petitioner waived his right to a staff representative at the hearing, requested no witnesses, and stated that he understood his hearing rights. (Id. at 2, 9). In his statement to the DHO, the Petitioner said "that he did not rush the door" and that Bender "jumped on his back[,]" "tried to search him and did not find anything on him[,]" and that the items he had on him were an "MP3 player and soap." (Id. at 2). In addition to the Petitioner's statement, also before the DHO for consideration were memorandums prepared by correctional and

---

[2]     "[A] charge at this level is used when less serious physical injury or contact had been attempted or accomplished by an inmate[.]" 28 C.F.R. 541.3 (Table 1).

[3]     The matter was also referred to the FBI for consideration for prosecution and, as a result, the institution proceedings against the Petitioner were suspended for a short time. (ECF No. 7-5 at 10). On October 22, 2015, the FBI notified the BOP that the case was declined for prosecution and the incident could be processed internally. (Id. at 11).

2

other BOP officers regarding the incident, as well as Bender's and the Petitioner's injury assessment paperwork and photographs. (Id. at 3, 10-22).

The DHO issued his decision on December 17, 2015. He credited Bender's report of the incident over the Petitioner's statement and concluded that the greater weight of evidence supported finding the Petitioner committed the prohibited acts of **115-**destroying and/or disposing of any item during a search, **224-**assault, and **307-**refusing to obey an order of a staff member. (Id. at 3). In relevant part, as a sanction the DHO imposed the disallowance of a total of 67 days of good conduct time. (Id. at 4).

The Petitioner pursued an administrative appeal and during it the matter was "remanded for further review and rehearing, if necessary." (ECF No. 4-1 at 2). By this time, the Petitioner had been transferred to FCI McKean and a DHO at that institution was assigned to the matter. This DHO evaluated the evidence for the purpose of determining "if there was sufficient evidence to support" the charge of violating **307-**refusing to obey an order of a staff member. (Id. at 6). This DHO found that that charge "was not sustained, and subsequently expunged it." (Id.) He further determined that an amended report was not necessary with respect to the FCI Fort Dix DHO's determination that the Petitioner had committed the prohibited acts of **115**-destroying and/or disposing of any item during a search and **224**-assault. (Id.)

The Petitioner pursued another administrative appeal. On July 27, 2016, the BOP Regional Director denied it, explaining: "Your contention that codes 115 and 224 were not supported by evidence is without merit. The DHO considered your statement, but found it to be not credible. The DHO found the greater weight of the evidence supported the staff member's account of the incident regarding the assault and disposing of the cell phone." (Id.) The Petitioner appealed that decision to the BOP's Central Office. He contended that there was no physical evidence to support Bender's version of events because the cell phone was never recovered and the inmate to whom he threw it was not identified. Therefore, he

3

argued, the greater weight of the evidence did not support Bender's version of events and the Fort Dix DHO should not have credited it. (ECF No. 4-1 at 11-12). On June 7, 2017, the BOP's Administrator, Nation Inmate Appeals, denied the Petitioner's appeal, concluding that "the determination of the DHO is reasonable and supported by the evidence. Your contentions that you did not commit the prohibited acts as charged were found to be not credible." (ECF No. 4-1 at 10).

The Petitioner next commenced habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 4). The Respondent (the Petitioner's custodian, the Warden of FCI McKean) filed an answer (ECF No. 7), to which the Petitioner filed a reply (ECF No. 8).

**B.     Discussion**

In relevant part, 28 U.S.C. § 2241 provides: "The writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody *in violation of the Constitutional* or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3) (emphasis added). This Court has jurisdiction under § 2241, which "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) and citing Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005)). In McGee, the Court of Appeals instructed that "the question to be asked is whether granting the petition would 'necessarily imply' a change to the fact, duration, or execution of the petitioner's sentence." 627 F.3d at 936. "A challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence." Queen v. Miner, 530 F.3d 253, 254 (3d Cir. 2008) (per curiam) (citations omitted).

4

The Petitioner claims that his due process rights were violated because "the DHO relied on insufficient evidence and/or failed to consider the 'greater weight of evidence' in the presence of conflicting evidence in reasonably determining that [he] committed the prohibited acts." (ECF No. 8 at 2). His claim has no merit.

In <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985), the Supreme Court held:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if there was some evidence from which the conclusion of the administrative tribunal could be deduced.... Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.... We decline to adopt a more stringent evidentiary standard as a constitutional requirement.

<u>Id.</u> at 455-56 (internal quotation marks and citation omitted); <u>Denny v. Schultz</u>, 708 F.3d 140, 144 (3d Cir. 2013) ("a prison disciplinary decision need only be supported by 'some evidence' in order to satisfy due process."); <u>Thompson v. Owens</u>, 889 F.2d 500, 502 (3d Cir. 1989) ("The due process requirements in this context are minimal[.]").

Here, the DHO's decision was based upon the requisite amount of evidence necessary to survive review by a federal habeas court. Bender reported that the Petitioner assaulted him because Bender came upon him when he was talking on a cell phone, an item inmates are not allowed to possess. The DHO expressly found that the Petitioner's version of events was not credible. He credited Bender's version of events and noted that a memorandum submitted by Senior Officer Specialist R. Wilson (who responded to Bender's body alarm and assisted him in handcuffing the Petitioner), as well as the photographs and medical evidence, tended to corroborate Bender's report. (ECF No. 7-5 at 3). This Court is not to undertake an "'independent assessment' into the reliability of the evidence[.]" <u>Thompson</u>, 889 F.2d at

501. Accordingly, there was the requisite "some evidence" to support the DHO's decision and, therefore, the Petitioner has failed to establish that his due process rights were violated.

**C.     Conclusion**

For the foregoing reasons, the petition for a writ of habeas corpus is denied.[4] An appropriate Order follows.


Dated: October 2, 2018
/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States District Judge

---

[4] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).